# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

No. 24-7012

September Term, 2024

1:21-cv-01903-RCL

**Filed On:** December 18, 2024

Ljubo Skrbic,

      Appellant

      v.

Philip Somers, et al.,

      Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:** Wilkins, Pan, and Garcia, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's January 9, 2024 order denying reconsideration be affirmed. The district court correctly concluded that it lacked diversity jurisdiction because appellant and three of the appellees are all citizens of Florida. See, e.g., In re Lorazepam & Clorazepate Antitrust Litig., 631 F.3d 537, 541 (D.C. Cir. 2011) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different state from *each* plaintiff." (internal quotation marks omitted)). Consequently, the district court did not abuse its discretion by denying appellant's second motion for reconsideration. See Morrissey v. Mayorkas, 17 F.4th 1150, 1162 (D.C. Cir. 2021).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**